**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WENDAL MILLS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-1428-L (BK)** |
| | § | |
| **U.S. GOVERNMENT, et al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a detainee at the Dallas County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the United States Government and Walmart Stores. Recently, he was released from confinement and resides in Dallas, Texas. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

The complaint seeks monetary damages because "people use technology on [him] that allows them and other nationally and internationally to watch [him] and to physically control [him] and to commit crimes against him." (Doc. 2 at 4.)

**II. ANALYSIS**

**A.       Frivolity Review**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if

the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's claims against the United States Government and Walmart Stores are factually frivolous. His allegations that unidentified individuals "use technology" nationally and internationally to watch and control him and to commit crimes against him describe fantastic or delusional scenarios which are clearly irrational and incredible. Therefore, his complaint should be dismissed with prejudice as frivolous.

### B.  Sanction Warning

Earlier this year, Plaintiff filed three actions, two of which the Court dismissed with prejudice as frivolous under section 1915(e)(2)(B). *See Mills v. ASCAP*, 3:11-CV-0769-P (N.D. filed Jun. 30, 2011); *Mills v. The City of Dallas*, No. 3:11-CV-0935-M (N.D. Tex. Jun. 9, 2001). In the third action, the magistrate judge's recommendation that the case be dismissed as frivolous remains pending. *See Mills v. Broadcast Music Incorporated*, No. 3:11-CV-0750-D (N.D. Tex.).

Since this is the fourth frivolous action that Plaintiff files in less than three months, it is recommended that the District Court warn him that, if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any

kind *in forma pauperis* and/or without prior court approval. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (*per curiam*). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees-indeed, *are not entitled to sue and appeal, period."* *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** the complaint with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B).

It is further recommended that the District Court warn Plaintiff that, if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval.

SIGNED July 13, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE